IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, | : |
| Plaintiff, | : |
| v. | : CASE NUMBER: 1:18-cv-04549-TWT |
| LUCRATIVE PIPS CORPORATION and KEVIN ANDRE PERRY, | : |
| Defendants. | : |

**ORDER OF FINAL JUDGMENT BY DEFAULT, PERMANENT INJUNCTION, RESTITUTION, CIVIL MONETARY PENALTIES, AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST LUCRATIVE PIPS CORPORATION AND <u>KEVIN ANDRE PERRY</u>**

**THIS CAUSE COMING BEFORE THE COURT** for the entry of default judgment pursuant to <u>Federal Rule of Civil Procedure 55(b)(2)</u>, and upon application of the Plaintiff for entry of default judgment against Defendants Lucrative Pips Corporation ("Lucrative Pips") and Kevin Andre Perry ("Perry") (collectively "Defendants").

1

**IT APPEARS** that the Defendants are in default for failing to plead or otherwise defend this action as required by law.  Therefore, **default judgment is hereby entered against Defendants**.  This Order includes the following findings of relief:

1) a finding that Defendants violated Sections 4b(a)(2)(A)-(C) and 4o(1)(A) and (B) of Act, 7 U.S.C. §§ 6b(a)(2)(A)-(C), 6o(1)(A), (B) (2012), and Regulations 4.41(a), and 5.2(b), 17 C.F.R. §§ 4.41(a), 5.2(b) (2018);

2) a finding that Defendant Lucrative Pips violated Sections 2(c)(2)(C)(iii)(I)(cc) and 4m(1) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6m(1) (2012), and Regulation 5.3(a)(2)(i), 17 C.F.R. § 5.3(a)(2)(i) (2018);

3) a finding that Defendant Perry violated 2(c)(2)(C)(iii)(I)(cc) and 4k(2) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc) and 6k(2) (2012), and Regulation 5.3(a)(2)(ii), 17 C.F.R. § 5.3(a)(2)(ii) (2018);

4) a permanent injunction prohibiting Defendants from violating the Act and Regulations as described above;

5) a permanent injunction against Defendants permanently restraining, enjoining, and prohibiting them from directly or indirectly:

a. trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

b. entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2018) for their own accounts or for any account in which either has a direct or indirect interest;

c. having any commodity interests traded on their behalf;

d. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018); and/or;

      g.    acting as a principal (as that term is defined in Regulation 3.1(a) 17 C.F.R. § 3.1(a) (2018)), agent, or any other officer or employee of any person (as that term is defined in Regulation 1a(38), 7 U.S.C. § 1a(38) (2018) registered, exempted from registration, or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9);

6)    an order requiring Defendants, as well as any of their successors, to make full restitution, pursuant to such procedure as the Court may order, to every pool participant or other person or entity whose funds were received or utilized by them in violation of the provisions of the Act and/or Regulations, as described herein, totaling $694,799 which reflects pool participants' net losses ($790,000 – $95,201 = $694,799), plus post-judgment interest;

7)     an order directing Defendants, as well as any of their successors, to pay a civil monetary penalty totaling $2,084,397, plus post-judgment interest;

8)     such other and further relief as this Court may deem necessary and appropriate under the circumstances.

SO ORDERED on this 7th day of August, 2019.

/s/ Thomas W. Thrash
Honorable Thomas W. Thrash, Jr.